IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Difankh Asar, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 6:20-394-BHH |
| v. ) | |
| ) | **ORDER** |
| Warden Travis, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court upon Difankh Asar's ("Petitioner") petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. On February 10, 2020, Magistrate Judge Kevin F. McDonald issued a Report and Recommendation ("Report") in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). In his Report, Magistrate Judge McDonald outlined the issues and recommended that the Court dismiss Petitioner's § 2241 petition without prejudice and without requiring Respondent to file a Return. When the Court initially did not receive written objections to the Report, it entered an order adopting the Report and dismissing this action without prejudice and without requiring Respondent to file a return.

Following the Court's dismissal, however, the Court received a letter from Petitioner indicating that he never received the Magistrate Judge's Report in this case and indicating that there may have been a mix-up between Civil Action No. 6:20-633 and this case. (ECF No. 16.) Based on Petitioner's letter, the Court vacated its March 6 order and mailed Petitioner another copy of the Magistrate Judge's Report, instructing him that he had fourteen days to submit written objections to the Report. (ECF No. 17.)

On March 25, 2020, Petitioner filed objections, and the matter is ripe for review.

After filing his objections, Petitioner also filed a motion for copies, two motions for access to the law library, and a motion for trial. (ECF Nos. 27, 30, 33, and 37.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

In his Report, the Magistrate Judge thoroughly outlined the relevant background including the various motions Petitioner has previously filed pursuant to 28 U.S.C. §§ 2255 and 2241. After reviewing this information, the Magistrate Judge determined that the instant § 2241 petition is subject to dismissal in light of Petitioner's currently pending § 2255 motions, which raise the same issue, and because Petitioner cannot meet the "savings clause" set forth in § 2255.

Petitioner objects to the Magistrate Judge's finding that Petitioner cannot meet the

2

"savings clause" set forth in § 2255, and Petitioner argues that *Rehaif v. United States*, 139 S.Ct. 2191 (2019), is retroactively applicable to cases on collateral review. Throughout his objections, Petitioner essentially reiterates his claims that his indictment was fatally deficient and that his conviction is invalid because an essential element of the offense to which he pleaded guilty was not charged and proven beyond a reasonable doubt.

As the Magistrate Judge explained, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[1] *In re Vial*, 115 F.3d at 1194. Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Id.* at n. 5.

In *In re Jones*, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit explained that to meet the savings clause under § 2255 and proceed under § 2241 when contesting the underlying validity of a criminal conviction, a petitioner must show that:

---

[1] The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed to be non-criminal; and (3) the prisoner is unable to meet the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333-34.

Here, after reviewing the record and the applicable law, the Court finds Petitioner's objections without merit. Ultimately, the Court agrees with the Magistrate Judge that Petitioner's allegations do not satisfy the *In re Jones* test because there are no allegations that the conduct for which Petitioner was convicted is no longer criminal due to a change in the law. In other words, being a felon in possession of a weapon remains a valid criminal offense, and Petitioner pleaded guilty to the offense, thus admitting the facts essential to a conviction under § 922(g), unlike in *Rehaif*. Therefore, Petitioner cannot meet the second element of the *In re Jones* test, and the Court agrees with the Magistrate Judge that Petitioner cannot challenge the validity of his § 922(g) conviction under § 2241.

Likewise, to the extent Petitioner challenges the validity of his sentence rather than the validity of his conviction, the Court also agrees with the Magistrate Judge that Petitioner cannot meet the savings clause under the Fourth Circuit's analysis set forth in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), because *Rehaif* has not been held to be retroactive on collateral review. Thus, Petitioner cannot meet the second element of the *Wheeler* test.

## **CONCLUSION**

Based on the foregoing, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 9). The Court finds Petitioner's objections (ECF No.

24) without merit, and the Court hereby dismisses this action without requiring Respondent to file a return in light of Petitioner's pending § 2255 motions and because the savings clause set forth in § 2255 does not permit him to proceed under § 2241.  Because the Court lacks jurisdiction to proceed in this action, the Court deems moot Petitioner's motion for copies (ECF No. 27); motions for access to the law library (ECF Nos. 30 and 33); and motion for trial (ECF No. 37).

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

July 8, 2020
Charleston, South Carolina

******

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that any right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.